```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**MATTHEW G. OZMENT,**

                    **Petitioner,**

      v.                                    CASE NO. 21-3209-SAC

**JAY ARMBRISTER,**

                    **Respondent.**

## NOTICE AND ORDER TO SHOW CAUSE

This matter is before the Court on Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Petitioner, who is proceeding pro se, is detained in Leavenworth County Jail facing state criminal charges pending in Douglas County, Kansas. The Court has conducted a preliminary review of the petition and will direct Petitioner to show cause, in writing, why this action should not be dismissed.

**Background**

In May 2018, Petitioner was criminally charged in Douglas County, Kansas, in case number 18-CR-565. *See* Douglas County District Court Online Records Search. In July 2018, Petitioner began serving a 19-to-48-month criminal sentence in Nevada for crimes he committed in Nevada. *See* Nevada Department of Corrections Online Inmate Search. On April 15, 2019, while still incarcerated in Nevada, Petitioner "filed a 180-day writ" under the Interstate Agreement on Detainers (IAD). (Doc. 1, p. 2, 6.) The IAD governs "[t]he statutory right to a speedy trial of an inmate who is confined in a penal or correctional institution in another state."

*State v. Waldrup*, 46 Kan. App. 2d 656, 669 (Kan. App. 2011), *rev. denied* Feb. 20, 2013. Kansas and Nevada have both entered into the IAD. K.S.A. 22-4401; N.R.S. 178.620. Highly summarized, when a prisoner is incarcerated in a state that is party to the IAD (the sending state) and faces untried charges in another party state (the receiving state), the prisoner may notify the receiving state of his or her place of imprisonment and request for a final disposition of the charges against him or her. K.S.A. 22-4401, Art. III(a); N.R.S. 178.620, Art. III(a). After the notification, the receiving state must bring the prisoner to trial within 180 days. K.S.A. 22-4401, Art. III(a); N.R.S. 178.620, Art. III(a). Petitioner alleges that the Douglas County District Court did not comply with the IAD to timely bring him to trial on the charges in case number 18-CR-565. (Doc. 1, p. 2.) According to Petitioner, his IAD filing generated no response. *Id.*

Leavenworth County District Court online records reflect that Petitioner returned to custody in Kansas by August 2019. See Leavenworth County District Court Online Records Search, case number 18-CR-538. In December 2019, Petitioner filed a motion to dismiss in Douglas County District Court, arguing that the failure to bring him to trial within 180 days required dismissal of the charges against him.[1] (Doc. 1, p. 3.) The Uniform Mandatory Disposition of Detainers Act (UMDDA) is Kansas' intrastate parallel to the IAD under which a prisoner incarcerated in one county may seek disposition of charges pending against him or her in another county. See K.S.A. 22-4301(a). Once again, Petitioner alleges, he

---

[1] With the Douglas County District Court's permission, Petitioner by this point was proceeding pro se in his criminal proceedings in that court. *See* Douglas County District Court Online Records Search, case number 2018-CR-000565.

received no response from the Douglas County District Court. (Doc. 1, p. 3.) In March 2020, Petitioner filed another motion to dismiss in the Douglas County District Court, but received no response. *Id.*

On September 7, 2021, Petitioner filed the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 that is presently before the Court. (Doc. 1.) He names as respondent Douglas County Sheriff Jay Armbrister. *Id.* at 1. His asserted grounds for relief are that the Douglas County District Court's failure to bring him to trial within the time limits set by the IAD and the UMDDA deprived the Douglas County District Court of jurisdiction in his criminal case. *Id.* at 6-7. Petitioner also points out that he has attempted to resolve this through motion practice in the state court but the state court has not ruled on his motions. *Id.* Petitioner asks this Court to dismiss Douglas County District Court case number 18-CR-565 with prejudice and void any outstanding detainer. *Id.* at 7.

**Discussion**

This matter is governed by Habeas Corpus Rule 4 and 28 U.S.C. § 2241. Rule 4 requires the Court to undertake a preliminary review of the petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . the judge must dismiss the petition." Habeas Corpus Rule 4. The United States district courts are authorized to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2241(c)(3).

### The *Younger* Doctrine

Although § 2241 may be an appropriate avenue to challenge pretrial detention, *see Yellowbear v. Wyoming Atty. Gen.*, 525 F.3d

921, 924 (10th Cir. 2008), principles of comity dictate that absent unusual circumstances, a federal court is not to intervene in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." *Younger v. Harris*, 401 U.S. 37, 46 (1971). Under *Younger*, federal courts must abstain when "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). "*Younger* abstention is 'non-discretionary . . . absent extraordinary circumstances,' if the three conditions are indeed satisfied." *Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009) (quoting *Amanatullah v. Co. Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999)).

The three conditions in *Younger* are satisfied here. The Douglas County criminal case against Petitioner appears to be ongoing, the State of Kansas has an important interest in prosecuting crimes charging the violation of Kansas laws, and the state courts provide petitioner the opportunity to present his claims. The Court understands the significance of Petitioner's allegation that the Douglas County District Court is not addressing his pending motions, but such inaction does not necessarily close all avenues of state-court relief. *See* Kan. Const. Art. 3, § 3 ("The supreme court shall have original jurisdiction in proceedings in . . . mandamus"); K.S.A. 60-801 ("Mandamus is a proceeding to compel some inferior court . . . to perform a specified duty, which duty results from the office, trust or official station of the party to whom the order is directed, or from operation of law."); Kan. Sup. Ct. Rule 9.01

(describing procedures related to bringing an original action of mandamus in the Kansas Supreme Court).

Although "[t]he *Younger* abstention doctrine does not apply 'in case of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown,'" a petitioner asserting such circumstances must make "'more than mere allegations of bad faith or harassment.'" *Amanatullah*, 187 F.3d at 1165. Petitioner has not done so here.

Petitioner is therefore directed to show cause, in writing, on or before October 11, 2021, why this matter should not be summarily dismissed without prejudice under *Younger*. The failure to file a timely response will result in this matter being dismissed without further prior notice to Petitioner.

**Failure to State a Claim**

Even if *Younger* does not bar this Court from intervening in the ongoing Douglas County criminal case, the petition should nevertheless be dismissed because it does not state a claim upon which federal habeas relief may be granted. To obtain relief under § 2241, Petitioner must establish that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). But Petitioner's claims rest solely on the alleged violation of the IAD and the UMDDA, which are state laws.[2] As the Tenth Circuit instructs, "claims of state law

---

[2] Although the petition refers in passing to a violation of Petitioner's "constitutional rights," Petitioner makes no further argument that his federal constitutional right to a speedy trial has been violated. Nor has Petitioner demonstrated that he raised or exhausted a constitutional speedy trial argument in state court, which would be required before pursuing federal habeas relief on that ground. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies.").

violations are not cognizable in a federal habeas action." *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000).

**Conclusion**

For the reasons stated above, it appears that the petition is subject to dismissal in its entirety under the *Younger* doctrine or, in the alternative, because the petition is based solely on alleged state-law violations, so it fails to state a claim upon which federal habeas relief can be granted.

**IT IS THEREFORE ORDERED** that Petitioner is directed to show cause, in writing, on or before October 11, 2021, why this matter should not be summarily dismissed without prejudice under the *Younger* abstention doctrine or on the independent basis of failure to state a claim cognizable in a federal habeas action.

**IT IS SO ORDERED.**

DATED:  This 9th day of September, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge