**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**MATTHEW G. OZMENT,**

                 **Petitioner,**

    v.                                                        **CASE NO. 21-3209-SAC**

**JAY ARMBRISTER,**

                 **Respondent.**

**MEMORANDUM AND ORDER**

This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner, who is proceedings pro se, is a pretrial detainee facing state criminal charges. On September 9, 2021, the Court issued a Notice and Order to Show Cause (NOSC) directing Petitioner to explain, on or before October 11, 2021, why the matter should not be dismissed under the abstention doctrine in *Younger v. Harris*, 401 U.S. 37, 53-54 (1971). (Doc. 2.) Petitioner promptly filed a response. (Doc. 3.) After reviewing the response, the Court will dismiss the action without prejudice pursuant to the abstention doctrine set forth in *Younger*.

**Background and Analysis**

Petitioner is in state pretrial custody at Leavenworth County Jail, and the subject of his petition is charges pending in Douglas County, Kansas. His asserted grounds for relief are that Douglas County's failure to bring him to trial within the time limits set by the Interstate Agreement on Detainers and the Uniform Mandatory Disposition of Detainers Act deprives the Douglas County District Court of jurisdiction over the criminal charges against him that

remain pending there. Petitioner asks the court to dismiss the Douglas County criminal case with prejudice and void any outstanding detainer.

As noted in the NOSC, principles of comity dictate that absent unusual circumstances, a federal court is not to intervene in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." *Younger v. Harris*, 401 U.S. 37, 46 (1971). Federal courts must abstain when "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). Where the three circumstances coexist, abstention is mandatory unless extraordinary circumstances are present. *Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009) (quoting *Amanatullah v. Co. Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999)).

The NOSC concluded that the three conditions in *Younger* are satisfied here: (1) the Douglas County criminal case against Petitioner is ongoing; (2) the State of Kansas has an important interest in prosecuting crimes charging the violation of Kansas laws; and (3) the state courts provide Petitioner the opportunity—in district court, on appeal, and/or through postconviction motions if necessary—to present his challenges, including his federal constitutional claims. In the NOSC, the Court therefore directed Petitioner to show cause why this matter should not be summarily dismissed without prejudice under *Younger*.

The Court has carefully considered Petitioner's filings and liberally construed them, as is proper since Petitioner is

proceeding pro se. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally construed.'"). Even liberally construed, however, Petitioner's filings do not provide a reason that this Court may intervene in his ongoing state criminal proceedings. Rather, the response reasserts the merits of his petition and the arguments therein. (Doc. 3.) It does not mention *Younger* or abstention, and it contains no argument against the Court's conclusion *Younger* requires this Court to dismiss the petition.

**Conclusion**

The Court must follow the nondiscretionary abstention doctrine set forth in *Younger* and dismiss this matter without prejudice pursuant to the *Younger* doctrine. The Court also concludes that its procedural ruling in this matter is not subject to debate among jurists of reason and declines to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS THEREFORE ORDERED** that the Petition **is dismissed without prejudice**. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 28th day of September, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge